## C. M. STRICKER v. T. P. LEATHERS ET AL.

CARRIER BY WATER.  *Private landing.  Contract.  Refusal to stop.  Damages.*
> While a common carrier by water may not be required to stop for the
> delivery of freight at a mere private landing, yet when he contracts so
> to do, he is liable in damages if, without excuse, he disregards the obli-
> gation ; and if in refusing he acts wilfully and with a purpose to harass
> or injure, punitive damages are recoverable.

FROM the circuit court of Wilkinson county.

HON. W. P. CASSEDY, Judge.

Appellant, Stricker, was a warehouseman engaged in receiving,
storing and forwarding freight on the Mississippi river.    His
place of business was known as Stricker's Landing, and it was
near the public landing at Fort Adams.    This suit was brought
by him against the appellees, owners of the steamer Leathers,
public carriers on the Mississippi river, for damages because of the
refusal and failure of defendants to deliver freight at the landing
of plaintiff.    Besides compensation, plaintiff claimed exemplary
damages for the alleged wilful misconduct of appellees in refusing
to deliver freight, according to contract at his landing.    Defendants
pleaded the general issue ; that they did not receive packages for
plaintiff's landing, and did not undertake to deliver any freight
there ; that said steamer, according to advertisement, only stopped
at public landings ; that plaintiff's place was a mere private land-
ing ; that all freight sent to him, or to his care, was delivered at
the public landing, which was less than a quarter of a mile from
plaintiff's landing, and that plaintiff was duly notified of such
delivery.

On the trial it was shown that a large number of packages were
shipped by said steamer for plaintiff from New Orleans, and these
were put off at the public landing very near plaintiff's landing.
No way-bills attended the freight, but it was shown that the same
was generally received and shipped on dray tickets issued in New
Orleans.    In two instances these receipts recited that the goods
were to be shipped by said steamer to " C. M. Stricker, his land-
ing, Fort Adams, Miss."

There was evidence tending to show that defendants were incensed against plaintiff, and were using their influence in favor of the public landing, and with a view to injuring the business of plaintiff; that at one time they refused to take freight for his landing, but, upon being shown written orders from the patrons of plaintiff for their freight to be delivered at his landing, they agreed to deliver the same there; that they afterwards received freight in New Orleans, including the two shipments above mentioned and some other packages, marked for plaintiff's landing, but refused to deliver the same there, and put off all the freight at the public landing; that in one or two instances, on objection of plaintiff, the freight had been refused at the public landing, and carried back to New Orleans, being afterwards carried to plaintiff's landing by other steamers. It was shown that plaintiff's landing was accessible, and equally as good as the public landing. It appeared in evidence that there was competition between the Leathers and other boats, and that the Leathers received and delivered freight at the public landing, while some of the competing carriers worked in the interest of plaintiff's landing.

At the conclusion of plaintiff's testimony, on motion, the same was excluded, and judgment was rendered in favor of defendants, from which judgment the plaintiff appeals. The opinion contains a further statement of the case.

*J. H. Jones* and *D. C. Bramlett*, for appellant.

The evidence clearly established a contract on the part of defendants to carry the freight to plaintiff's landing. The conduct of defendants in refusing to comply with their obligation as common carriers was oppressive and wilful. The question of damages should have been submitted to the jury. 2 Sedgwick on Damages, § 322 *et seq.*, and authorities there cited; 5 Am. & Eng. Enc. L. 21 *et seq.*, and authorities cited. See also 13 How. (U. S.) 363.

Plaintiff was entitled to recover punitive damages. At all events, he was entitled to actual damages by way of compensation. 1 Sedgwick on Dam., 70, 71 and notes.

*H. S. Van Eaton* and *A. G. Shannon,* for appellees.

There was no contract to deliver the goods at any particular landing in Fort Adams. The receipts are not signed, and even if issued by the steamer Leathers amounted to nothing more than a description of the packages. Plaintiff refused to receive the goods at the public landing. A steamboat is not bound to deliver freight to the consignee at his private landing or place of business. 23 Am. Dec. 454; 43 Ib. 649; 87 Ib. 367; 2 Wait's Ac. & Def. 52; 5 Wall. 481; 11 Am. R. 657.

A steamer is not bound to stop at every landing unless so advertised. Universal Enc. of Law, § 1970 *et seq.*

WOODS, J., delivered the opinion of the court.

The court below erred in striking out the plaintiff's evidence and entering judgment for defendants.

It is perfectly clear that defendants gave receipts to consignors for two shipments [those from the Red-Star shoe-store and from Durieu] marked to appellant, for his landing, at Fort Adams, and that there was wilful refusal to deliver according to contract. It is equally clear that seventy-two other packages, as appears from the evidence of the witness Price, were marked for delivery at Stricker's landing, but, in disregard of the contract, were delivered at another place, without excuse or justification on the part of appellees. For the small damages sustained by appellant in these instances, at any rate, the plaintiff was unquestionably entitled to a recovery.

But on the evidence, taken as a whole, it appears that the conduct of appellees, in refusing to comply with their obligations to Stricker to deliver the packages of freight at his landing, after they had undertaken so to do, was not only without sufficient excuse, but was plainly the result of a wilful purpose to harass and injure the appellant, and would fairly seem to entitle him to punitory damages to some extent. At least, under the evidence offered by appellant, he was entitled to have had his claim, in both the aspects adverted to, submitted to a jury, and, in the absence of counter-

vailing evidence, he should have had a verdict for such amount as the proofs warranted.

While a common carrier by water may not be required to stop at any and all mere private landings, yet when he contracts so to do, he cannot be permitted capriciously to disregard his obligation and duty.

*Reversed and remanded.*