# Louisville & Nashville Railroad Co. v. Bizzell.

*Action against Railroad Company by Passenger for Damages resulting from Ejection from Train.*

1. *Action against railroad company by passenger for ejection from train; sufficiency of plea.*—In an action against a railroad company by a passenger to recover damages for the plaintiff's alleged wrongful ejection from a train of the defendant, where the complaint alleges that the plaintiff offered the conductor an "unlimited ticket," which plaintiff had bought from the defendant's agent, that the conductor refused to receive said ticket and then wrongfully and rudely ejected plaintiff, pleas of the defendant which aver that at the time the ticket was purchased by the plaintiff and presented to the conductor, the defendant had a rule that such ticket should be good for a continuous passage beginning on the day of sale, which rule was known to plaintiff, and further that notice of such rule was endorsed upon said ticket, but which did not negative the disuse or waiver of the rule by the defendant in the sale of the ticket alleged in the complaint to have been unlimited, present an insufficient answer to the complaint, and are subject to demurrer for failing to negative such disuse or waiver.

2. *Action against railroad company by passenger for wrongful ejection; when fact of ticket being unlimited not a question for the jury.*—In an action against a railroad company by a passenger to recover damages for the alleged wrongful ejection of the plaintiff from one of the defendant's trains, where it is averred in the complaint, and the evidence introduced

[Louisville & Nashville Railroad Co. v. Bizzell.]

on the part of the plaintiff tends to show, that he offered the conductor of the defendant's train, upon which the plaintiff was riding, a ticket which was unlimited, and which the plaintiff had bought from the defendant's agent, and that the conductor refused to receive said ticket and ejected the plaintiff, but the evidence for the defendant tended to show that the ticket offered by the plaintiff was endorsed "good for continuous passage beginning on the day of sale," and that the ticket so endorsed was presented by the plaintiff some months after sale, this conflict in the evidence makes a question for the determination of the jury; and, therefore, a charge is properly refused as being invasive of the province of the jury, which instructs them that "there is nothing whatever on the ticket limiting the time within which it might be used, nor is there anything on it to show the purchaser that it was in his discretion to use the ticket when he was disposed to do so."

3. *Same; charge as to recovery of punitive damages.*—Punitive damages are not recoverable as a matter of right, but their imposition is discretionary with the jury. Therefore, a charge is properly refused as being erroneous which instructs the jury that the plaintiff in an action against a railroad company for his wrongful ejection as a passenger, would, under given circumstances, be entitled to recover punitive damages.

4. *Action against railroad company by passenger for wrongful ejection; admissibility of evidence.*—In an action against a railroad company by a passenger to recover damages for the alleged wrongful ejection of the plaintiff from one of the defendant's trains, where the evidence for the plaintiff tends to show that the conductor of the train, who ejected the plaintiff, was somewhat intoxicated, rude and boisterous, and used profane language, it is competent, upon the cross-examination of the conductor, after having testified that he was not rude and boisterous and did not use profane language, to ask him as to his habits of drinking and swearing.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, J. I. Bizzell, against the L. & N. R. R. Co., to recover $2,000 damages for the ejection of plaintiff from one of the passenger trains operated by the defendant.

The original complaint consisted of but a single count, but an additional count was added by way of an amendment. Each count alleges that plaintiff, on November 26th, 1897, boarded one of the defendant's passenger trains at Flomaton, Alabama, to go to Wilson, Alabama; that he had an unlimited ticket purchased and stamped July 19th, 1897; that he tendered it to the conductor on defendant's train for his passage, but that conductor refused to receive it, and put plaintiff off at Canoe Station. The original count alleged that the plaintiff was "wrongfully, maliciously, forcibly and rudely ejected." * * * "In a rude, insulting and harsh manner." In the second count, filed as an amendment to the complaint, it is simply alleged that plaintiff was "wrongfully ejected."

In addition to pleading the general issue, defendant pleaded separately to each count as follows: "2d. At the time that said ticket was purchased by the plaintiff, and also at the time that it was presented to the conductor as alleged in the complaint, the defendant had a rule that such ticket should be good for a continuous passage beginning on the day of the sale only, which said rule was known to the plaintiff, and the defendant avers that such ticket was sold on July 19th, 1897." "3d. That at the time said ticket was purchased, as well as at the time that it was presented, the company had a rule that tickets of that character should be good for continuous passages beginning on the day of the sale, the date whereof was endorsed upon the said ticket, and the defendant avers that said ticket was sold on July 19th, 1897."

The plaintiff demurred to each of these counts upon the following grounds: 1st. Said plea neither confesses nor denies the sale to plaintiff, and the tender by it to the conductor of an unlimited ticket. 2. Because said unlimited ticket can not be limited by a rule of defendant. 3. Because defendant's rule can not control its contract. These demurrers were sustained, and issue was joined upon the plea of the general issue. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the cross examination of one William Nabors, who was shown to have been the conductor on the train at the time of the ejection of the plaintiff and who ejected plaintiff, he was asked by the plaintiff the following questions: "Haven't you very frequently, while a conductor on the Louisville & Nashville Railroad, had trouble with passengers?" "Is it not a fact that you were discharged from the Louisville & Nashville Railroad Company because of trouble?" The defendant separately objected to each of these questions, upon the ground that each called for irrelevant and immaterial evidence, the court overruled each of such objections, and the defendant separately excepted. To each of such questions the witness replied in the negative. The plaintiff then asked the witness: "If he had not been discharged from the Louisville & Nashville Railroad Company since the occurrence?" The defendant objected to this question as calling for irrelevant and immaterial evidence, and duly excepted to the court's overruling his objection. Upon the witness answering that he and the superintendent of one of the divisions of the L. & N. had disagreed, and he had left the service of that division and had gone to work for another division of the L. & N. R. R. Co., he was then asked the following question: "Was not that difference because of trouble with passengers?" The defendant objected to this question as calling for irrelevant and immaterial evidence. The court overruled the objection, and the defendant duly excepted.

The plaintiff then asked the witness by separate questions if he was not in the habit of using profane language, and if he was not a drinking man. The defendant separately excepted to each of these questions, as calling for irrelevant and immaterial evidence, and separately excepted to the courts overruling each of such objections. The defendant reserved a separate exception to each of the following portions of the court's oral charge to the jury: (1.) "In addition to the wrongful ejection, it is alleged in that case that it was wilfully, maliciously and forcibly done. Well, those allegations as to the manner of the ejection are put in there for the purpose

of entitling the plaintiff to punitive damages." (2.) "In the first place, if you find from the evidence that the plaintiff was wrongfully ejected, that is, he had a ticket that entitled him to ride on that railroad car, and that the conductor refused to let him ride on the ticket, and put him off the train, why, then it was a wrongful ejection. If in addition to that he was rude and insulting, why, then the plaintiff would be entitled to recover additional damages, in addition to what he has actually suffered, by way of punishment if it was done as alleged in that particular count." (3.) "Plaintiff alleges that it was willfully and maliciously done. Well, maliciously in the legal acceptance of the term, has somewhat of a different meaning from the ordinary acceptation of the word. Ordinarily, maliciously means ill-will, where a person is said to have malice in the common acceptation of the term it means ill-will against the person, but in its legal sense it means a wrongful act done intentionally, without just cause or excuse. This is the legal definition of malice. A wrongful act, done intentionally, without just cause or excuse." (4.) "Well, there being nothing on the ticket to show that it was not good beyond that time, why, it would entitle the plaintiff to ride on it for any unlimited time, unless he knew when he bought it that it was only good for that day." (5.) "So you see, in order to recover anything beyond the actual damages that the plaintiff may have suffered in this case, the evidence must reasonably satisfy your minds that the conductor went further than was necessary not only that he ejected him wrongfully, but he did it as alleged in the complaint, willfully, maliciously, forcibly and rudely. If you find that he did, then the plaintiff would be entitled to recover such punitive damages as the jury may think proper to award him, the amount of the recovery being left on that particular item to the sound discretion of the jury, to be wisely and impartially exercised in view of all the circumstances shown in the case."

The court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "Gentlemen of the jury, I charge you that there is nothing what-

ever on the ticket limiting the time within which it might be used; nor is there anything on it to show the purchaser that it was not at his discretion to use it when he was disposed to do so, and the company can not, after selling a ticket of that sort, limit its use by any directions or instructions to their agents, not made known to the plaintiff." (2.) "Gentlemen of the jury, if you should find for the plaintiff, I charge you that humiliation and indignity, if suffered by him from the ejection, are also elements of actual damages and that you must take them into consideration in arriving at the amount of your verdict." (3.) "The court charges the jury that if they believe from the evidence that the plaintiff was wrongfully ejected from the defendant car by its conductor, and that such ejection was accompanied with insulting, or contemptuous language or demeanor on the part of such conductor, then the jury may allow the plaintiff punitive damages not to exceed $2,000." (4.) "The court charges the jury that if they believe from the evidence that the plaintiff was ejected from the defendant's car by its conductor, after plaintiff has tendered such conductor a ticket entitling him to ride on such car, and that such conductor knew at the time that he ejected the plaintiff that plaintiff had the right to ride on such ticket, then the jury may allow the plaintiff punitive damages not to exceed $2,000." (5.) "Gentlemen, I charge you that if you find for the plaintiff, and believe that plaintiff suffered humiliation and mortification from the ejection alone, then these are elements of actual damage and you must take these elements into consideration in making up your verdict."

The defendant separately excepted to each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "The court charges the jury that if they believe from the evidence that either the plaintiff lied or the witness Nabors lied in regard to a material question in this case, and the jury can not tell to their reasonable satisfaction which did the lying, then they should find the issue as to which such difference exists, in favor of the defendant." (2.) "The court charges

the jury that even if they believe from the evidence that plaintiff was wrongfully ejected from the train they would not be authorized under the evidence in the case to find a verdict for the plaintiff for more than the amount of the actual damages that the evidence may show that plaintiff sustained."

There were verdict and judgment for the plaintiff, assessing his damages at $250. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GREGORY L. SMITH, for appellant.—A common carrier of passengers may, by agreement, evidenced by the ticket, to that effect, provide that the passage shall be made within a time specified upon the ticket, and in one continuous trip.—*Rawitzky v. L. & N. R. R. Co.,* 3 So. R., 387; *Barker v. Coflin,* 31 Barb., 556; *Hill v. Syracuse,* 63 N. Y. 101; *Johnson v. Concordia R. Co.,* 68 N. H. 213; 5 Rapalje & Mack's Dig. of R. R. Laws, p. 182, § 35; *McGhee v. Drisdale,* 111 Ala. 599; Hutchison on Carriers, § 575, 576.

Punitory damages cannot be recovered for the mere wrongful ejection of a passenger.—*Townsend v. N. Y. C. & H. R. R. Co.,* 56 N. Y. 295; *Curl v. Chicago, R. I. & P. R. Co.,* 19 N. W. 308; *Phil. W. & B. R. Co. v. Hoeflich,* 62 Md. 300; *Fitzgerald v. Chicago, R. I. C. & R. R. Co.,* 50 Iowa, 79; *Claybrook v. Hannabal, St. J. R. Co.,* 19 Mo. App. 432.

The court erred in its rulings upon the evidence. *McCutchen v. Loggins,* 109 Ala. 456; *A. G. S. R. R. Co. v. Tapia,* 94 Ala. 230; *L. & N. R. R. Co. v. Pearson,* 97 Ala. 219; *May, etc. Birmingham v. Starr,* 112 Ala. 107.

J. R. BURGETT and R. T. ERVIN, *contra,* cited *Wilkinson v. Searcy,* 76 Ala. 181; *Hoffman v. Knight,* 127 Ala. 129; *B. Elec. R. R. Co. v. Word,* 27 So. Rep. 471; *L. & N. R. R. Co. v. Hine,* 121 Ala. 234; *A. G. S. R. R. Co. v. Tapia,* 94 Ala. 226; *L. & N. R. R. Co. v. Cowherd,* 120 Ala. 58.

SHARPE, J.—A railroad company is not bound to contract for carriage in the indefinite future and, therefore, in selling tickets to passengers it may lawfully limit the time within which they are to be used. Such a limit may be fixed by agreement, which like other agreements not controlled by statute, may be either express or implied. A ticket like the one exhibited in the complaint being silent as to the time when the journey shall be commenced, would, if standing alone, be construed as evidencing an intention on the carrier's part not to restrict that time. But such a ticket contains nothing inconsistent with an agreement for limiting its use and the same may be shown by evidence *aliunde* if it exists. If when defendant issued the ticket in question it maintained in force a rule of which plaintiff had notice providing such tckets should be good for continuous passage beginning on the date of sale only, then the parties would be presumed to have contracted with reference to the rule and to have made the same a part of the contract. If notice of such rule was indorsed on the ticket it would likewise be presumed that it was read by the plaintiff. It was possible, however, for the rule to have been disused or waived. The special pleas do not negative such denial or waiver, and, therefore, fail to meet the averment of the complaint that the ticket was unlimited, which averment goes not merely to what appears on the face of the ticket but negatives restrictions imposed in any form upon its use. But that averment was put in issue by the plea of not guilty. Under that plea there was received evidence tending to show that the ticket offered by plaintiff bore stamped thereon, the words "Good for continuous passage beginning on the date of sale only." If this be true, the stipulation so appearing on the ticket must be taken as expressive of a condition upon which the ticket was issued and accepted and as such binding on the plaintiff. The ticket introduced in evidence by plaintiff and claimed by him to have been offered the conductor bore no such words. This conflict in evidence made a question for the jury's determination. Their province in that regard was

clearly invaded by the first instruction given at plain-
tiff's request, which asserted among other things,
"there is nothing whatever on the ticket limiting the
time within which it might be used; nor is there any-
thing on it to show the purchaser that it was not at his
discretion to use it when he was disposed to do so."
We interpret this charge as the jury must have done
to have reference to the ticket which was in fact ten-
dered the conductor. The giving of it was error for
which the judgment must be reversed.

A similar error was committed in that part of the
court's oral charge indicated by the fourth exception
thereto. The oral charge is furthermore faulty in as-
serting that plaintiff would under given circumstances
be *entitled* to recover punitive damages. Such dam-
ages being apart from compensation are not recover-
able as a matter of right. Their imposition is discre-
tionary with the jury, acting with regard to the enor-
mity of the wrong and the necessity of preventing
similar wrongs.—1 Brick. Dig. 523, § 16; *S. & N. A.
R. R. Co. v. McLendon,* 63 Ala. 266; Shearman & Red-
field Neg., § 600; Sedgwick Damages, 477.

We discover no other error in the giving or refusing
of requested charges or in the parts of the oral charge
excepted to. The first charge refused to defendant im-
properly called for separate issues to be tried as to
facts disputed in testimony.—*K. C., M. & B. R. R. Co.
v. Crocker,* 95 Ala. 412.

The inquiries made of the conductor concerning diffi-
culties had by him with other passengers and the re-
sults as affecting his employment, were about imma-
terial matters, but the testimony elicited thereby was
not injurious to defendant.

Cross-examination of the conductor as to his habits
of drinking and swearing was permissible as testing
the truth of his testimony respecting his conduct on
the occasion of plaintiff's ejection from the train.

Reversed and remanded.