# Alabama Great Southern Ry. Co. *v.* Arrington.

## *Injury to Passenger.*

(Decided June 6, 1911.   56 South. 78.)

1. *Damages; Punitive Damages.*—Punitive damages cannot be awarded in the absence of fraud, malice, oppression, wantonness, or gross carelessness as distinguished from simple negligence.

[Alabama Great Southern Ry. Co. v. Arrington.]

2. *Same; Exemplary Damages; Jury Question.*—Where the evidence tended to show that an act was wanton, malicious or done with such indifference as to raise a presumption of recklessness, the question of punitive damages become one for the jury; under the facts in this case, whether or not plaintiff was entitled to exemplary damages, was one for the jury, although the conductor denied that he told plaintiff that she had reached her destination.

3. *Carriers; Injury to Passengers; Evidence.*—Where the action was for damages to a passenger on account of being put off at the wrong station in the night-time with small children, causing expense, mental anguish, etc., and both simple negligence and wantonness were alleged, it was competent to show plaintiff's physical and mental condition as a part of the res gestae, and hence, she could testify that she did not get supper or breakfast the night she was put off.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Rebecca Arrington against the Alabama Great Southern Railway Company, for damages for putting her off at the wrong station. Judgment for plaintiff and defendant appeals. Affirmed.

GOODHUE & BLACKWOOD, for appellant. The court erred in refusing to charge the jury that under the facts in this case plaintiff was not entitled to recover punitive damages.—*K. C. M. & B. v. Foster,* 134 Ala. 258; *L. & N. v. Binion,* 107 Ala. 645; *B. R. Co. v. Nolan,* 134 Ala. 332; *A. G. S. v. Arndt,* 80 Ala. 601; *Wilkinson v. Searcy,* 76 Ala. 181. Counsel discuss other assignments of error, but without citation of authority.

HOWARD & HUNT, for appellee. The court properly left the question of exemplary damages to the jury.— *W. U. T. Co. v. Cunningham,* 99 Ala. 314; *Same v. Seed,* 115 Ala. 670; 13 Cyc. 107. Counsel discuss assignments of error relative to evidence, but without citation of authority.

PELHAM, J.—This suit was instituted in the court below by appellee to recover damages from appellant, alleging as a cause of action that appellee purchased a

ticket from appellant entitling her to ride as a passenger on its railroad from Attalla to Porterville, and when the train reached Collinsville, before arriving at Porterville, she was told by the conductor she had reached her destination and was put off, the conductor assisting her and her children to alight from the train; that her husband was to meet her at Porterville to carry her by private conveyance to her home, some miles distant from the station; that she did not know she was being put off at the wrong station by the conductor until the train had left the station, and she was forced to spend the night, with her children, one of them a baby, at Collinsville, where she was a stranger, and was put to the expense of hotel and telephone bills, and did not reach home until the afternoon of the following day, suffering inconvenience, mental anguish, etc.

The first count of the complaint sets up simple negligence upon the part of the defendant's conductor, and the third count alleges willful, wanton, or intentional negligence. The general charge for defendant was given as to the second count of the complaint. The case was submitted to the jury on pleas of the general issue to the first and third counts of the complaint. The evidence in behalf of plaintiff on the trial tended to prove the averments of the complaint; the plaintiff testifying that it was in December, and had been disagreeable, rainy weather, and that it was dark when the train reached Collinsville, and she did not know but that the train had reached Porterville when the conductor, to whom she had given her ticket entitling her to ride to Porterville, told her she had reached her destination and to get off, and that she did not find out, as she was not acquainted with the surroundings, that she had been put off at the wrong place until after the train had pulled out from the station; that she had to spend

the night in a hotel at Collinsville, with her children, one of whom was a baby, and did not reach home until the next afternoon, when her husband, who had been telephoned for, took her home in a private conveyance; that her trunk was carried on to Porterville and did not reach her for a day or two afterwards. The evidence introduced on behalf of the defendant was to the effect that the station was correctly called when the train reached Collinsville, and a stop of several minutes was made at that station; that the conductor did not inform appellee she had reached her destination, or put her off, or in any way cause her to leave the train at Collinsville. The proposition presented and principally relied upon by appellant is whether or not, under the facts in the case, the trial court was in error in leaving the question of awarding punitive damages to the jury.

That there can be no punitive damages awarded in the absence of fraud, malice, willfullness, wantonness, recklessness, or gross carelessness, as distinguished from mere simple carelessness, is well settled, as is also the converse of this rule; and where the evidence is in conflict, and there is evidence tending to show the act complained of was due to reckless indifference equivalent to intentional injury, or where the act was occasioned by wantonness, maliciousness, or gross negligence, or is due to such indifference as to evince an entire want of care and raise the presumption of being reckless of the consequences of conscious injury, the question of punitive damages is for the jury.—*Barbour v. Horn,* 48 Ala. 566; *S. & N. R. R. Co. v. McLendon,* 63 Ala. 266; *Linekauff v. Morris,* 66 Ala. 406; *Wilkenson v. Searcy,* 76 Ala. 176; *A. G. S. R. R. Co. v. Arnold,* 80 Ala. 601, 2 South. 337; *W. U. Tel. Co. v. Cunningham,* 99 Ala. 314, 14 South. 579; *W. U. Tel. Co. v. Seed,*

115 Ala. 670, 22 South. 474; *B. R. L. & P. Co. v. Nolan,* 134 Ala. 329, 32 South. 715.

In this case the appellee testified she gave her ticket entitling her to ride to Porterville to the conductor; that before reaching Porterville the conductor came to her and informed her she had reached her destination, and put her off; and that, not knowing she had not arrived at Porterville, to which place she had procured the ticket given the conductor, she acquiesced in and acted upon the conductor's suggestion, and was put off at the wrong station. This evidence was sufficient to leave to the jury the question of whether the carelessness or negligence of the conductor, as testified to by appellee, in connection with the other evidence, showed more than a mere disregard of her rights as a passenger and amounted to gross negligence or an entire want of care, such as to raise a presumption that, being conscious of the wrong, the conductor was reckless of consequences and indifferent, or worse, to the resulting injury. The appellee having testified to giving the conductor a ticket to a certain station, and the conductor only a short time afterwards coming to her and informing her that she had reached her destination, when in fact she had not, and putting her off at the wrong station in the nighttime, with small children in her care, if believed by the jury, was sufficient to raise the presumption in the minds of the jury as a reasonable inference from the evidence that the conductor, being cognizant of the probable consequences, was indifferent to them, and evinced such an entire want of care as to make him guilty of gross negligence "in the strong sense," entitling appellee to be awarded punitive or exemplary damages, and that question was properly submitted to the jury under the evidence. From what we have said, it will be seen there was no error in the

court's refusing the written charges of the appellant, seeking to exclude from the consideration of the jury the question of awarding appellee punitive or exemplary damages, or in the court's oral charge to the effect that under certain phases of the testimony punitive damages could be assessed.

The only other assignment of error insisted upon by appellant in the brief filed is that the court erred in allowing the appellee to testify that she did not get supper or breakfast, Evidence of appellee's physical and mental condition was competent under the issues before the jury; anything going to show her mental or physical condition at the time was part of the res gestae and was proper to go to the jury; and this testimony was admissible for that purpose, if for no other, and there was no error in the court's permitting it.

There is no reversible error shown in the record, and the judgment of the trial court must be affirmed.

Affirmed.