# Nashville, Chattanooga & St. Louis Railway v. Blackmon.

## Damage for Injury to Passenger.

(Decided February 13, 1913.   61 South. 468.)

1. *Carriers; Passengers; Injury; Damage.*—Under the evidence in this case, it was a question for the jury whether plaintiff was entitled to punitive damages, since, if the conductor against the passenger's protest, adopted a course of conduct towards her likely to result in inconvenience and injury, wantonness might be inferred.

2. *Damages; Exemplary; Necessity of Pleading.*—Where the complaint describes an act justifying the imposition of punitive damages, it is not necessary to the recovery of such damages that they should be specially claimed in the complaint.

3. *Charge of Court; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

4. *Same; Invading Jury's Province.*—Charges requiring the jury to adopt one or the other of different or conflicting theories, where one is just as probable as the other under the evidence, or to give credence to one phase of the evidence, where the contrary is just as probable, are properly refused as invading the province of the jury.

5. *Appeal and Error; Review; Punitive Damages.*—Punitive damages are a thing apart from compensatory damages, and are within the discretion of the jury, and if fixed with due regard to the wrong perpetrated in the light of the evidence with a view to punishing to prevent similar wrongs, the jury's discretion in determining the amount, will not be disturbed.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Alice Blackmon against the Nashville, Chattanooga & St. Louis Railway, for damages for injury suffered while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

SPRAGINS & SPEAKE, and STREET & ISBELL, for appellant. The plaintiff was not entitled to punitive damages, and the court erred in refusing to so charge.—*C. of G. v. Morgan,* 161 Ala. 483; *Cook v. So. Ry.,* 153 Ala.

118; *Snedicor v. Pope,* 143 Ala. 275; *Wilkinson v. Searcy,* 76 Ala. 176; 12 A. & E. Ann. cases, 116. Counsel discuss the action of the court in refusing other charges, and in refusing to set aside the verdict and grant a new trial, but without citation of authority.

JOHN A. LUSK & SON, for appellee. Where the complaint alleges such a state of fact as to authorize the imposition of punitive damages, they need not be specially claimed or alleged.—*Wilkinson v. Searcy,* 76 Ala. 176. The court properly left the question of exemplary damages to the jury under the evidence in this case.—*Wilkerson Case, supra;* 2 Mayf. sec. 184; 1 L. R. A. 474. The other charges were properly refused, and would be so even in a criminal case.—*Mitchell v. The State,* 94 Ala. 68. The imposition of exemplary damages are within the discretion of the jury, and their finding will not be disturbed unless clearly erroneous.— *National Surety Co. v. Mabry,* 139 Ala. 224; *Bir. Ry. Co. v. Nolan,* 134 Ala. 329.

PELHAM, J.—The judgment from which this appeal is prosecuted was rendered in an action brought by a passenger against a common carrier to recover damages consequent upon plaintiff's being placed and carried in a baggage car against her will and over her protest.

The plaintiff was a woman, practically an invalid, suffering from physical ailments peculiar to her sex that rendered her unable to stand on her feet for any appreciable length of time or walk any distance. She arrived at the defendant's passenger station in Attalla, Ala., over a different line of railroad, about 9 o'clock in the morning, en route to Guntersville, Ala., a station on the defendant's railroad. The train for Gunters-

ville did not arrive until 6:30 in the afternoon, and the plaintiff remained in the passenger station from the time of her arrival in Attalla until time to be placed on the train going to Guntersville. During the time she was in the station at Attalla waiting for the arrival of the train to carry her to her destination, plaintiff was lying on a pile of cloaks arranged on a seat in the waiting room. Just before the train arrived, plaintiff purchased a first-class passenger ticket entitling her to ride as a passenger on defendant's train to Guntersville; and, under the direction of the defendant's station agent, she was placed in a chair and carried to the platform of the station near to the baggage car, upon arrival of the train. The evidence is in conflict as to whether the plaintiff was placed in the baggage car against her will or consent; but the plaintiff, who was alone, except that she was accompanied by two of her children, one 4 and the other 7 years old, testified that she protested against being placed in the baggage car, and told the conductor, before being put in this car, that she was sick and did not want to be put in there; that she was afraid to ride in the baggage car, and thought it would jolt and injure her. The plaintiff testified that to these remonstrances on her part the conductor replied that she would have to ride there if she rode anywhere on that train, and thereupon assisted in placing her in the baggage car by carrying the plaintiff in the chair in which she was sitting, with the aid of helpers, into the car. The plaintiff further testified that, after being put into the car over her objection and protest she again complained to the conductor, both before and after the train started, and told him that she was afraid to ride in the baggage car on account of her physical condition. The plaintiff's testimony also tended to show that she did not have the comforts and conven-

iences provided for passengers riding in the regular passenger coaches carried as part of the train on which she traveled, and that the chair furnished to her to sit upon was uncomfortable, being without arms to it, of hard wood without cushion, and back no higher than about the "dress band" of plaintiff's clothes; that, in consequence of being required to ride in the baggage car under these circumstances, she suffered pain and injury; that she was jolted by the trucks used in rolling trunks over the floor of the car, etc.

The evidence introduced on behalf of the defendant was in conflict with the plaintiff's testimony as to the plaintiff's being placed and carried in the baggage car against her will and over her protest, and had a tendency to show that the plaintiff waived her right to be carried in a regular passenger coach, and consented to ride in the baggage car; but, at most, this conflict in the testimony was a question for the jury.

The first insistence made by counsel for appellant is that the court was in error in not giving the written instruction requested in behalf of the defendant that, under the undisputed evidence in this case, the plaintiff could not be awarded anything as punitive or exemplary damages.

It seems to us that the case made out by the plaintiff's evidence is of such a character as to fairly afford an inference that might have been drawn by the jury entitling an imposition of punitive damages in the discretion of the jury. The plaintiff, a woman, accompanied by her two small children, without escort, sick and unable to walk, making known her condition to the conductor in charge of the train, and being required by him, against her pleading, protest, and objection, to ride in a baggage car from 6:30 to 9 o'lcock at night on a wooden chair or stool, and without the comforts pro-

vided for passengers in the regular passenger coach in which she was entitled to ride on the ticket purchased by her from the common carrier, makes out a case for the plaintiff, we think, authorizing a submission by the court of the question of imposing punitive damages to the jury. If the conductor saw and realized the plaintiff's condition from the attending circumstances and from what he was informed by the statement made to him by the plaintiff, and being conscious of all this, adopted a course of conduct, against the protest of the plaintiff, likely to result, or that would probably result, in inconvenience and injury to the plaintiff, then wantonness might be fairly inferred and attributed to him. —*Southern Railway Co. v. Wooley,* 158 Ala. 447, 48 South. 369; *B. R. & E. Co. v. Pinckard,* 124 Ala. 372, 26 South. 880; *B. R. & E. Co. v. Bowers,* 110 Ala. 328, 20 South. 345; *Ala. Gt. So. Ry. Co. v. Arrington,* 1 Ala. App. 385, 56 South. 78.

The appellant argues in brief that the evidence does not justify, and the allegations of the complaint do not warrant, a recovery of punitive damages. From what we have said, it will be seen that we are of the opinion that the evidence of plaintiff, if credited (and that is a matter entirely for the conscience and understanding of the jury), justifies an award of punitive damages. If the act described in the complaint was done wantonly, or maliciously, or with circumstances of aggravation, exemplary damages may be awarded (*Sparks v. McCreary,* 156 Ala. 382, 47 South. 332, 22 L. R. A. [N. S.] 1224); and it is not necessary, to a recovery of punitive damages, that they should be specially claimed in the complaint.—*Johnson v. Collier,* 161 Ala. 204, 49 South. 761.

The next point insisted upon in argument of counsel for appellant by brief is that the court erred in refus-

ing to give charge No. 5 requested in behalf of the defendant. The legal proposition embraced in this charge is covered by given charge No. 13. Charges instructing the jury to adopt one or another of different conflicting theories, if one is just as probable as another under the evidence, are properly refused.—*Mitchell v. State*, 94 Ala. 68, 10 South. 518. Instructions requiring the jury to give credence to one phase of the evidence, where the contrary is just as probable, invade the province of the jury.—*Southern Railway Co. v. Weatherlow*, 164 Ala. 151, 51 South. 381; *Ala. Con. C. & I. Co. v. Heald*, 168 Ala. 626, 53 South. 162. The only other matter urged as constituting reversible error is the refusal of the trial court to grant defendant's motion to set aside the verdict. We are unable to say, under the rules governing courts of review, that the trial court that had the opportunity and advantage of hearing the witnesses ore tenus, was in error in refusing to grant the motion because of a preponderance of evidence against the verdict returned by the jury in favor of the plaintiff. The written charges given at the request of the defendant indicate that the trial court was very liberal in giving charges requested by the defendant asserting its legal rights on the trial, and presented the defendant's contention on the conflicting evidence fairly before the jury; and we do not find the evidence against the verdict so decided as to clearly convince us that it is wrong and unjust.

So far as the amount of the verdict is concerned, it is evident, from an examination of the whole evidence, that the jury, acting under proper instructions from the court as to the elements that must be found to exist to warrant the assessment of punitive damages, saw fit, in the exercise of its discretion, to impose such dam-

ages. The imposition of punitive damages is discretionary with the jury, and is a thing apart from the compensation allowed for the injury suffered; and if fixed with due regard to the wrong perpetrated, in the light of the evidence upon which the finding is predicated, with a view of punishment to the end of preventing similar wrongs, the judgment and discretion of the jury, in determining the amount should not be disturbed by a court.—*L. & N. R. R. Co. v. Bizzell*, 131 Ala. 429, 30 South. 777; *Coleman v. Pepper*, 159 Ala. 310, 49 South. 310.

The jury seem to have accepted as true and based its finding on the plaintiff's testimony; and, as referred to this testimony, the verdict cannot be said to be an abuse of discretion on the part of the jury. The trial court, having heard all of the evidence, and occupying a more advantageous position than does this court of review for determining this question, in passing on the motion for a new trial decided that the verdict was not excessive; and we are unable to say, from the evidence set out in the bill of exceptions, that the judgment of the trial court, in refusing to grant the motion, should be disturbed.

No other errors are urged or insitsed upon, and the case will be affirmed.

Affirmed.