# Coleman *v.* Pepper.

## *Trespass to Lands.*

(Decided April 2, 1909.    49 South. 310.)

1. *Trespass to Realty; Damages; Aggravating Circumstances.*— Where the acts of trespass complained of are attended by aggravating circumstances of wantonness or malice, exemplary damages may be recovered for trespasses to realty.

2. *Damages; Punitive Damages.*—Punitive damages are not recoverable as a matter of right, being apart from compensation, but their imposition is discretionary with the jury, the discretion being a sound and legal one not to be exercised arbitrarily.

3. *Same; Instructions.*—The court should instruct the jury on the question of punitive damages in such a way that they will understand that in fixing such damages they should consider the enormity of the wrong and the necessity of preventing similar wrongs, and that they should impose such an amount as in their sound judgment the exigencies of the case demand not to exceed the amount claimed.

4. *New Trial; Grounds; Misleading Instructions.*—The trial court may set aside such verdict on account of misleading charges given if convinced that prejudice has resulted therefrom.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Mattie B. Coleman against L. B. Pepper for trespass to realty. There was judgment for plaintiff, but on motion the judgment was set aside and new trial granted. From this last judgment plaintiff appeals. Affirmed.

[Coleman v. Pepper.]

JAMES E. HORTON, JR., and ERLE PETTUS, for appellant. A new trial should not be granted for a mere difference between the court and the jury as to the proper amount of damages that should be awarded.—*Tenn. C. I. & R. R. Co. v. Stevens*, 115 Ala. 461; *Cobb v. Malone*, 92 Ala. 630; 14 En. of Pl. & Pr. 764, & 772. Where there is no legal measure of damages, as in torts, the amount is referred to the discretion of the jury, and no mere difference of opinion as to the amount of damages will justify an interference by the court unless the amount is so unreasonable and excessive as to be indicative of passion, prejudice, partiality, or corruption of the jury.— 14 En. of Pr. p. 756 & p. 777; 8 Am. & En. of Law (2d Ed.) p. 629; *Huckle v. Money*, 2 Wilson, 205, (Extract from opinion cited in 3 Parson on Contracts, 8th Ed. p. 175 n. o.) In an action of trespass quare clausum fregit, exemplary damages may be given, where the tortious act is attended with circumstances of aggravation.—*Western Union Telegraph Co. v. Dickens*, 45 So. 469; *Mitchell v. Billingsley*, 17 Ala. 391; *Parker v. Mise*, 27 Ala. 480; *Devaughn v. Heath*, 37 Ala. 597, (595) ; *Rosser v. Bunn*, 66 Ala. 93, (89) ; 13 Cyc. p. 112; 28 Am. & En. En. of Law, (2d Ed.) p. 610; *L. & N. R. R. Co. v. Smith*, 141 Ala. 335. Where the injury is wanton or wilful the jury are authorized to give any amount of damages beyond the actual injury as a punishment.—*Parker v. Mise*, 27 Ala. 480; *Mitchell v. Billingsley*, 17 Ala. 391; *Ala. G. S. R. Co. v. Frazier*, 93 Ala. 48; *Mobile F. C. Co. v. Little*, 108 Ala. 399; *Ala. G. S. R. Co. v. Burgess*, 119 Ala. 555; *Western U. Tel. Co v. Seed*, 115 Ala. 670; 13 Cyc. p. 110. In an action for unliquidated damages for a tort, the trial court has the power to permit the entry of a remittitur.—18 En. of Pl. & Pr. 125; *Ala. G. S. R. Co. v. Burgess*, 119 Ala. 555; *B'ham Electric Co. v. Ward*, 124 Ala. 409.

[Coleman v. Pepper.]

W. R. WALKER, for appellee. The spirit in which a trespass is committed may be shown in mitigation of damages.—3 Joyce on Damages, §§ 2116-17; *Sparkman v. Swift*, 81 Ala. 231; *Burns v. Campbell*, 71 Ala. 271; *Jenkins v. Cooper*, 50 Ala. 419; *Barrett v. City of Mobile*, 129 Ala. 179; Code of 1896, § 3898. Any facts or circumstances which were an inducement to the transaction, which is an occasion of an action, are admissible in evidence in mitigation of damages.—*Bolling v. Wright*, 16 Ala. 664; *Bird v. Womack*, 69 Ala. 390; 28 Am. & Eng. En. Cyc. Law (2d.) 603. Exemplary damages may only be recovered if the trespass of which complaint is made was committed with a bad motive, with an intent to harass, oppress or injure; though the fact that it is wantonly, recklessly, or knowingly committed is a circumstance which may go to the jury for its consideration as to the question of malice.—3 Joyce on Damages, § 2116; *Alley v. Daniel*, 75 Ala. 403; *DeVaughan v. Heath*, 37 Ala. 595; *Lienkauf v. Morris*, 66 Ala. 406; *Garrett v. Sewell*, 108 Ala. 531; *Parker v. Mise*, 27 Ala. 480; *Garrett v. Sewell*, 93 Ala. 9; *Wilkerson v. Searcy*, 76 Ala. 176; *L. & N. Ry. v. Bizzell*, 131 Ala. 429; *Brinkmeyer v. Bethea*, 139 Ala. 376; *Mitchell v. Billingsley*, 17 Ala. 391; *Rhodes v. Roberts*, 1 Stewart, 145; *Snedccor v. Pope*, 143 Ala. 275. Where exemplary damages are claimed and are recoverable, the court should not, by its charge, give to the jury, "A discretionary power without stint or limit, highly dangerous to the rights of the defendant;" for such instructions or instructions, "leaves them without any rule whatever."—*Alley v. Daniel*, 75 Ala. 403; *Lienkauf v. Morris*, 66 Ala. 405; *S. & N. Ry. v. McLendon*, 63 Ala. 266; *Southern Ry. Co. v. Bunnell*, 138 Ala. 247; *Garrett v. Sewell*, 108 Ala. 525; 2 Thompson on Trials, §§ 2073, 2074, 2076. Where the lower court grants a new trial and the appeal is from that ruling, the decision of the

[Coleman v. Pepper.]

lower court "will not be reversed unless the evidence plainly and palpably supports the verdict."—*Cobb v. Malone*, 92 Ala. 630; *White v. Blair*, 95 Ala. 148; *Roe v. Doe*, 43 So. Rep. 856. If any ground of motion for a new trial is well taken the action of the trial court in granting it will not be reversed by this court.—*Smith v. Tombigbee & N. Ry. Co.*, 141 Ala. 332.

DENSON, J.—That exemplary damages are recoverable in this class of actions, when the acts complained of are attended with aggravating circumstances of wantonness or malice, cannot longer be a debatable question in this jurisdiction.—*Mitchell v. Billingsley*, 17 Ala. 391; *De Vaughn v. Heath*, 37 Ala. 595; *Rosser v. Bunn*, 66 Ala. 89; *Western Union, etc., Co. v. Dickens*, 148 Ala. 480, 41 South. 469. The jury awarded the plaintiff damages to the amount of $311, and there can be no doubt that exemplary damages were assessed. On motion made by the defendant, the verdict was set aside, on the grounds that the damages were excessive and that the court erred in giving a charge requested by the plaintiff. The charge referred to is in this language: "I charge you, gentlemen of the jury, if you find that the defendant did trespass on the lands of the plaintiff, and if you further find that he did it in a wanton and willful manner, then you are not confined to the assessment of the actual damages sustained, but you may go further and assess punitive damages, not exceeding $1,200." It is argued that this charge is erroneous, as giving the jury a discretionary power in the assessment of damages, "without stint or limit, and without any rule whatever."

Punitive damages, being apart from compensation, are not recoverable as a matter of right. Their imposition is discretionary with the jury.—*Louisville & Nashville Railroad Co. v. Bizzell*, 131 Ala. 429, 30 South. 777; 12

Am. & Eng. Ency. p. 51, and cases cited in notes to the text. And this discretion is not an unbridled or arbitrary one, but a legal, sound, and honest discretion; and, after instructing the jury in respect to the elements which must be found to exist to warrant the assessment of such damages, in submitting to the jury the question of imposing punitive damages, the court should always safeguard the submission with such instructions as that the jury will not be misguided, but will be held mindful, in fixing such damages, that they should act with due regard to the enormity or not of the wrong, and to the necessity of preventing similar wrongs, and that, if such damages are imposed, they should be in such an amount (much or little) as, under all the circumstances attending the commission of the wrong, the exigencies of the case, in the sound judgment and discretion of the jury, may demand, in no event to exceed the amount claimed in the complaint.—*L. & N. R. R. Co. v. Bizzell, supra;* 12 Am. & Eng. Ency. p. 54, and cases cited in note 4 to the text; 13 Cyc. 119. The charge in judgment, while it may state the elements which, if found to exist, would form the proper basis for the assessment of exemplary damages in the discretion of the jury (*Snedecor v. Pope,* 143 Ala. 275, 290, 39 South. 318; *White v. Spangler,* 68 Iowa, 222, 26 N. W. 85), clearly leaves the jury with no rule whatever for the guidance of their discretion in the assessment of such damages (*Alley v. Daniel,* 75 Ala. 403; *Garrett v. Sewell,* 108 Ala. 521, 18 South. 737); and for this reason, while we do not decide that the trial court committed reversible error in giving it, we do hold that the charge possesses misleading tendencies and that it might properly have been refused (*A. G. S. R. R. Co. v. Burgess,* 119 Ala. 155, 25 South. 251, 72 Am. St. Rep. 943). Furthermore, we entertain no doubt of the right of a trial court to set aside a verdict on account of a misleading charge having been given, if convinced that pre-

judice resulted from the giving of such charge.—*Goldsmith v. McCafferty,* 101 Ala. 663, 15 South. 244.

The trial court, we think, occupied a more advantageous position than this court does for determining whether or not the jury were misled by the charge given in this case, and we therefore decline to disturb its judgment granting the new trial. It is not necessary to consider the other grounds set down in the motion for a new trial.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.