(110 So. 604)

BIRMINGHAM ELECTRIC CO. v. SHEPHARD. (6 Div. 574.)

(Supreme Court of Alabama. Dec. 2, 1926.)

1. Carriers ⬤═280(3)—Street railroad is required to exercise highest degree of care.

Street railroad is required, as a common carrier of passengers, to exercise highest degree of care.

2. Carriers ⬤═321(3) — Instruction charging street railroad with highest degree of care held not misleading for failure to explain such requirement.

Instruction that street railroad was required to exercise highest degree of care as to passengers held not misleading for failure to explain what was meant thereby.

3. Carriers ⬤═321(3) — Instruction requiring street railroads to exercise highest degree of care and "to see that no injury befalls" passengers held not erroneous.

Instruction requiring street railroads to exercise the highest degree of care and to provide reasonably safe and convenient places for their passengers to ride "and to see that no injury befalls them" held not erroneous.

4. Trial ⬤═194(20)—Instruction as to right to punitive damages held erroneous as taking question whether such damages would be allowed from jury.

Instruction that, if motorman acted with reckless disregard of plaintiff's known position of danger on step, plaintiff would be entitled to recover punitive damages, held erroneous as taking from jury question whether it would allow punitive damages and leaving only question of amount thereof.

5. Damages ⬤═87(1)—Punitive damages are not recoverable as a matter of right but rest with discretion of jury.

Punitive damages are not recoverable as a matter of right; their imposition being discretionary with jury acting with regard to enormity of wrong and necessity of preventing similar wrongs.

6. Trial ⬤═253(4)—Instructions to find for plaintiff if jury believed she was injured in manner alleged held not erroneous as ignoring issue of contributory negligence, in view of facts.

Where plaintiff alleged that she was injured while standing on lowest step of car ready to alight, due to sudden jerk, held instructions to find for plaintiff if she was injured in the manner and form alleged as proximate result of negligence of defendant's servant was not erroneous as ignoring issue of contributory negligence.

Anderson, C. J., and Gardner, J., dissenting.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action for damages by Ida Ann Shephard against the Birmingham Electric Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Charges 1 and 2, given for plaintiff, are as follows:

"(1) I charge you, gentlemen of the jury, if you are reasonably satisfied, from all the evidence in this case, that the plaintiff was injured in the manner and form alleged in the complaint, as the proximate consequence of the negligence of the servant or agent of the defendant, as alleged therein, then you must find a verdict for the plaintiff."

"(2) I charge you, gentlemen of the jury, if you are reasonably satisfied, from all the evidence in this case, the servant or agent of the defendant caused the street car to move forward with a sudden jerk, as alleged in the complaint, while plaintiff was in the act of alighting from said street car, and she received her injuries as a proximate result of said sudden jerk, you must find your verdict for the plaintiff."

Bradley, Baldwin, All & White, T. A. McFarland, and John S. Coleman, all of Birmingham, for appellant.

An instruction that a common carrier owes the highest degree of care in transporting its passengers and to see that no injury befalls them is erroneous, in that it exacts too high

a degree of care, and makes the carrier an insurer. L. & N. v. Bowen, 212 Ala. 690, 103 So. 872; B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262. Punitive damages are not recoverable as a matter of right, but their award is within the discretion of the jury. An instruction that, if the jury found defendant guilty of wantonness, plaintiff was entitled to recover punitive damages, was therefore erroneous. First Nat. Bank v. Stewart, 204 Ala. 199, 85 So. 529, 13 A. L. R. 302; Coleman v. Pepper, 159 Ala. 310, 49 So. 310; L. & N. v. Bizzell, 131 Ala. 429, 30 So. 777; Cox v. B. R., L. & P. Co., 163 Ala. 170, 50 So. 975. Plaintiff's charges 1 and 4 preclude consideration of the issue of contributory negligence, and it was error to give them. Frierson v. Frazier, 142 Ala. 232, 37 So. 825; Ala. S. & W. Co. v. Thompson, 166 Ala. 460, 52 So. 75; Age-Herald Pub. Co. v. Waterman, 188 Ala. 272, 66 So. 16, Ann. Cas. 1916E, 900; B. E. & B. R. Co. v. Hoskins, 14 Ala. App. 254, 69 So. 339; Miller v. Johnson, 189 Ala. 354, 66 So. 486; Citizens' L. H. & P. Co. v. Lee, 182 Ala. 561, 62 So. 199; B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; A. G. S. v. McWhorter, 156 Ala. 269, 47 So. 84. An erroneous oral charge is not cured by a written given charge correctly stating the proposition. B. R., L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Vacalis v. State, 204 Ala. 345, 86 So. 92.

J. Reese Murray, of Birmingham, for appellee.

An instruction that a common carrier owes the highest degree of care in transportation of passengers is correct. B. R., L. & P. Co. v. Cockrell, 10 Ala. App. 578, 65 So. 704; Gadsden, etc., Co. v. Causler, 97 Ala. 235, 12 So. 439. Although some expressions of the oral charge may be misleading, yet, if from the entire charge the proper idea is conveyed to the jury, there is no reversible error. Sloss Co. v. Capps, 182 Ala. 651, 62 So. 66; B. R., L. & P. Co. v. Long, 5 Ala. App. 510, 59 So. 382; L. & N. v. Mason, 10 Ala. App. 263, 64 So. 154. A plea of contributory negligence is no answer to a wanton count. If plaintiff's given charges had a tendency to mislead, an explanatory charge should have been requested by defendant. Cook, etc., v. Bell, 177 Ala. 618, 59 So. 273; Dupuy v. Wright, 7 Ala. App. 238, 60 So. 997.

SAYRE, J. Plaintiff, appellee, 60 years of age, was a passenger on defendant's electric trolley car. Her destination was Sixty-Eighth street and Sloss avenue. At that point the car line ran along Sixty-Eighth street. The street, outside of that part of it which defendant was under duty to pave and had paved, had been excavated preparatory to paving and was rough and muddy. When the car stopped at Sloss avenue, plaintiff, intending to alight, got as far as the bottom step of the car, when, observing the condition of the street and that its surface was, as she judged, too far below the step for a safe landing, she informed the motorman, at whose end of the car she was, that she could not get off at that point. Her theory of the facts is that thereupon the motorman caused the car to jerk suddenly forward, throwing her off and into the street, whereby she suffered injuries alleged in the complaint. The defense was that, after the car stopped for plaintiff to alight, there was no movement of the car causing her to fall on the street, but that plaintiff, voluntarily and without suggesting her inability to alight at that point, negligently attempted to leave the car, and was hurt in consequence.

Questions argued on this appeal are raised by exceptions to excerpts from the court's oral instruction to the jury and by two special charges given on the request of plaintiff.

[1, 2] The case went to the jury on two counts (1) charging simple negligence in that defendant's employee negligently caused the car "to give a sudden jerk forward," etc.; (2) charging that defendant's employee "wantonly caused the said street car to move forward with a sudden jerk."

The court said to the jury:

"* * * It is the duty of a common carrier of passengers, including street railways, to exercise the highest degree of care and provide reasonably safe and convenient places for their passengers to ride and to see that no injury befalls them in and about the duty of their agents * * * in carrying passengers on their cars."

And again the court said:

"It is the duty of common carriers of passengers, including street railways, to exercise the highest degree of care in carrying their passengers."

[3] Appellant relies upon L. & N. v. Bowen, 212 Ala. 690, 103 So. 872, and B. R. L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262, to sustain its charge of reversible error in the quoted parts of the court's oral instruction. The charge, to avoid any possibility of misleading, might well have been amplified by the addition of an explanation of what is meant by "highest degree of care," such as is to be found on page 282 of the opinion in B. R. L. & P. Co. v. Barrett; but it correctly stated, though perhaps not very clearly, the law as far as it went and in the circumstances of this case it cannot be affirmed that it misled the jury. There is therefore no reversible error shown at this point. As for L. & N. v. Bowen, the statement in that case undertook to inform the jury, among other things, that defendant, a carrier, was under duty to employ the highest degree of skill in making plaintiff's jour-

ney safe. But skill and care are different things, and the charge given in the last-mentioned case would require of the common carrier of passengers, not only the employment of the highest degree of care, but that its employees should be endowed with that degree of skill which only the most skillful can have, whereas the carrier is required to exercise care that its employees are reasonably skillful in and about the matter of their employment. This was pointed out by Stone, C. J., in Gadsden, etc., R. R. v. Causler, 97 Ala. 235, 12 So. 439. The trial court's instruction, quoted in the first place above, is further criticized as making the carrier an insurer of the safety of its passengers for that it required the carrier "to see that no injury befalls them"; but this argument depends upon a grammatical construction of the charge which is based upon the indulgence of a presumption against it, whereas it may and should. we think, be construed as intending only that the carrier, acting by and through its employees, as it must, is under duty to exercise the highest degree of care "to see that no injury befalls" its passengers.

[4, 5] The court more than once instructed the jury, in substance, that, if defendant's motorman acted with reckless disregard of plaintiff's known position of danger on the step, then she would be entitled to recover punitive damages, meaning such damages as were claimed in the second count of the complaint—damages, not merely compensatory, but damages to punish the defendant and serve as a warning to other carriers in similar situations. This was error. True the court added some qualification, and the charge on this point must be construed as a whole; but, so construed, it unfortunately seems to leave the amount only of punitive damages, rather than the question whether they should be assessed at all, to the discretion of the jury. The cases hold that punitive damages are not recoverable as matter of right, but their imposition is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing similar wrongs. L. & N. v. Bizzell, 131 Ala. 437, 30 So. 777; Coleman v. Pepper, 159 Ala. 310, 49 So. 310; First National Bank v. Stewart, 204 Ala. 199, 85 So. 529, 13 A. L. R. 302. The evidence in this case and the assessment of damages demonstrate the necessity for a precisely correct statement of the law of this subject. The jury should have been given to understand, in definite language, both that the assessment of punitive damages in any sum was a matter within their sound discretion if the allegations of the second count were proved to their reasonable satisfaction, and that, if they determined that a proper case for such assessment had been proved, the amount thereof as well was a matter resting within their discretion. In charging the jury on the subject of punitive damages, the court fell into reversible error.

[6] We find no error in charges 1 and 2, given at the request of plaintiff. The complaint of the action of the court on these charges rests upon the proposition that they ignored the issue as to contributory negligence. The complaint in both counts alleged that plaintiff was caused to fall from the car by reason of a sudden jerk as (so the proof showed) she stood upon the lowest step. In the circumstances, negligence could not be attributed to her by reason that she was upon the step, and, of course, contributory negligence was no answer to the second count. Defendant's contention must have been, in fact we think it appears to have been, that there was no sudden jerk, this being tantamount to a denial of the complaint, or that plaintiff voluntarily attempted to alight from the car, situated as it was (according to her contention) at a place that made her effort dangerous—again a denial of the cause of action alleged in the complaint. In other words, it is not perceived that there was any occasion or need for reference to the alleged defense of contributory negligence.

For the error pointed out, the judgment must be reversed.

Reversed and remanded.

SOMERVILLE, THOMAS, MILLER, and BOULDIN, JJ., concur.

ANDERSON, C. J., and GARDNER, J., dissent.