(130 So. 192)

**BLACKMON et al. v. GILMER.**

**7 Div. 971.**

Supreme Court of Alabama.

Oct. 9, 1930.

Blackmon & Carter and Harvey A. Emerson, of Anniston, for appellants.

Merrill, Jones & Whiteside, of Anniston, for appellee.

GARDNER, J.

The suit is on an attachment bond. From a judgment for plaintiff, defendants appeal.

The attachment suit arose from a collision of defendant Blackmon's automobile with that of plaintiff. Blackmon filed suit in the court of common pleas of Calhoun county claiming damages to his car in the sum of $100 charging simple negligence. He made affidavit and bond and had plaintiff's car attached. This attachment was dissolved, but Blackmon upon the merits recovered a judgment which was paid.

Count 2 in the present suit is rested upon the theory that the attachment levy was void as unauthorized by law, the argument being that the action on which it was based sounded in damages merely (subdivision 4, § 6172, Code 1923), and could be ordered only by the circuit judge or judge of probate (sec-

tion 6174, Code 1923). The trial court accepted this view, overruled the demurrer to this count. This was error. "The phrase, 'sounding in damages merely,' has been interpreted to include that class of demands where, when the facts are ascertained, the law is incapable of measuring the damages by a pecuniary standard." Nelms v. Hill, 85 Ala. 583, 5 So. 344. As disclosed by the affidavit and complaint in the attachment suit, no punitive or vindictive damages are sought, but only actual damages to the car based upon simple negligence. Such damages were capable of ascertainment by a pecuniary standard. As said in Mobile Light & Ry. Co. v. Gadik, 211 Ala. 582, 100 So. 837, 839: "In fixing the measure of damages it is the aim of the law to reimburse the actual loss. This loss is usually ascertained by finding the difference between the reasonable market value immediately before and immediately after the injury. This is generally declared to be the true measure of damages."

"The measure of damages of an injury to a chattel is the difference between the value of the property just before and after the injury; that is to say, where the property was not rendered worthless by the injury on which the suit rests." Byars v. James, 208 Ala. 390, 94 So. 536, 540. See, also, Plylar v. Jones, 207 Ala. 372, 92 So. 445; Hill Grocery Co. v. Caldwell, 211 Ala. 34, 99 So. 354.

The attachment suit was therefore based upon a moneyed demand capable of certain ascertainment, and was within subdivision 2 of section 6172 of the Code, and not subdivision 4 thereof as appellee insists.

We find nothing in Nelms v. Hill, supra, or Norton v. Bumpus, ante, p. 167, 127 So. 907, that militates against this conclusion.

Count 2 should have been eliminated by a ruling on the demurrer addressed thereto.

Count 3 averred the falsity of the ground upon which the attachment issued, and that its issue was procured without probable cause for believing the alleged ground to be true. Under this count punitive damages were recoverable. Hamilton v. Maxwell, 119 Ala. 23, 24 So. 769; McLane v. McTighe, 89 Ala. 411, 8 So. 70; Bell v. Seals Piano Co., 201 Ala. 428, 78 So. 806; Harris v. White, 212 Ala. 54, 101 So. 751.

But it is well settled in this state that such damages are not recoverable as a matter of right. Their imposition is discretionary with the jury. Coleman v. Pepper, 159 Ala. 310, 49 So. 310; Birmingham Elec. Co. v. Shephard, 215 Ala. 316, 110 So. 604. And the jury should be given to understand by the trial court that the assessment of punitive damages as well as the amount, if so assessed, were matters resting in their sound discretion. Birmingham Elec. Co. v. Shephard, supra.

The language of the court's oral charge to which exception was duly reserved (assignment of error 14, Transcript pp. 25, 26) runs counter to the foregoing rule, with particular reference to the concluding words, "And if you believe that is true then Mr. Blackmon should be punished for the suing out of this writ." We have carefully examined the entire oral charge in this connection, as suggested by counsel for appellee, but we find nothing therein qualifying or neutralizing the effect of the instruction. On the contrary, it would appear to be somewhat emphasized by the language of the oral charge as found on page 8 of the transcript. The Shephard Case, above noted, is authority to the effect that this exception was well taken, and constitutes reversible error.

A careful review of the evidence discloses that punitive damages were assessed by the jury as the amount of the verdict is far in excess of any actual damage sustained. The insistence that this error was without prejudicial effect is therefore without merit.

For the errors indicated, let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.