173 So. 386

## LEHIGH PORTLAND CEMENT CO. v. SHARIT.
### 6 Div. 85.

Supreme Court of Alabama.

March 25, 1937.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

John W. Altman and Gordon Abele, both of Birmingham, for appellee.

BROWN, Justice.

■ A general averment in a count, that an injury was wantonly inflicted, or damage was wantonly caused, following proper averments of inducement showing that the defendant was under duty not to wantonly inflict such injury or cause such damage, is sufficient. Birmingham Ry., Light & Power Co. v. Jones, 146 Ala. 277, 41 So. 146; Southern Railway Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019; Id., 164 Ala. 151, 51 So. 381; Barbour v. Shebor, 177 Ala. 304, 309, 58 So. 276; Harbison-Walker Refractories, Company v. Scott, 185 Ala. 641, 64 So. 547; Southern Cotton Oil Co. v. Woods, 201 Ala. 553, 78 So. 907.

However, if the pleader undertakes to state the facts constituting wantonness, the facts stated must warrant the inference that the injury was wantonly inflicted or damage caused, and the pleader must so allege, otherwise the count will not withstand appropriate demurrer. Southern Railway Co. v. Weatherlow, supra; Blackmon v. Central of Georgia Railway Co., 185 Ala. 635, 64 So. 592.

■ Where, as here, the master is sued for the wanton conduct of the servant or agent acting within the scope of his employment, the action is in case. National Baking & Lunch Co. v. Wilson, 198 Ala. 90, 73 So. 436; Louisville & Nashville R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; Southern Bell Telephone Co. v. Francis, 109 Ala. 224, 19 So. 1, 31 L.R.A.

193, 55 Am.St.Rep. 930; Gulf States Steel Co. et al. v. Fail, 201 Ala. 524, 78 So. 878.

■ If, as averred in count E of the complaint, the plaintiff was injured and his property was damaged as a proximate consequence of the wanton conduct of the defendant's servants while acting in and about their master's business, the master is liable therefor under the doctrine of respondeat superior. Bessemer Coal, Iron & Land Company et al. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A.(N.S.) 389; Epperson v. First Nat. Bank of Reform, 209 Ala. 12, 95 So. 343; Collum Motor Co. v. Anderson, 222 Ala. 643, 133 So. 693; Birmingham Gas Co. v. Sanford et ux., 226 Ala. 129, 145 So. 485.

■ The averments in the body of the count, that "the defendant was engaged in blasting operations on premises of defendant near and in close proximity to said home and property of plaintiff and the defendant did during the time as aforesaid so conduct itself in and about said blasting operations that as a proximate consequence thereof the plaintiff was damaged and his said property was damaged and injured as is set forth in Count D of this complaint as last amended," when considered along with the averments charging the damnifying act to the defendant's servants or agents while acting within the scope of their employment, are clearly averments of inducement, going to show that the defendant was under duty not to negligently or wantonly injure the plaintiff and his property.

The judgment here is that the demurrer was overruled without error.

The next contention of the appellant—that said count E charges corporate participation in the damnifying act, and under the holding of the court in City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, defendant was entitled to a directed verdict as to said count—is fully answered by the foregoing observations as to the nature and legal effect of the averments of said count.

■ Punitive damages are not recoverable as a matter of right, except as provided by the statute. The imposition of such damages in cases where compensatory damages is the measure of recovery may be by the jury, in its sound discretion, imposed for aggravated wrongs. Louisville & Nashville Railroad Co. v. Bizzell, 131 Ala. 429, 30 So. 777; Birmingham Electric Co. v. Shephard, 215 Ala. 316, 110 So. 604.

The court therefore erred in giving the plaintiff's special charge 9, and in view of the evidence on the question of damages and the conflicting inferences arising therefrom, it cannot be affirmed that the error was without injury. Nor was the error cured by the oral charge of the court which stated the correct rule. The two instructions were clearly conflicting and the jury were left without guide in this respect. Louisville & Nashville Railroad Co. v. Christian Moerlein Brewing Co., 150 Ala. 390, 43 So. 723; First Nat. Bank of Huntsville v. Stewart, 204 Ala. 199, 85 So. 529, 13 A.L.R. 302.

The excerpt from the oral charge of the court, made the predicate for assignment of error 4, is not subject to the criticism that it invades the province of the jury. If the charge is merely abstract, as appellant contends, this would not warrant a reversal of the judgment unless it further appeared that the jury was misled thereby. This, we are unable to affirm.

Special charge requested by the defendant, the refusal of which is the basis of assignment of error 5, was refused without error.

Inasmuch as the judgment must be reversed for the giving of special charge 9 at the plaintiff's request, we deem it unnecessary to treat the other assignments of error.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.