133 So.2d 24

**TREADWELL FORD, INC.**

v.

**Elmer H. LEEK.**

1 Div. 929.

Supreme Court of Alabama.

June 29, 1961.

Rehearing Denied Sept. 21, 1961.

J. Glenn Cobb, Jr., Mobile, for appellee.

Alex T. Howard, Jr., Chas. B. Bailey, Jr., and McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellant.

LAWSON, Justice.

Elmer H. Leek purchased a 1958 used Plymouth automobile from Treadwell Ford, Inc., of Mobile, on or about December 3, 1958.

The automobile proved unsatisfactory to Leek. Being unable to adjust his differences, Leek brought this suit against Tread-

well Ford, Inc., claiming damages in the amount of $5,000. We will sometimes hereinafter refer to the defendant, Treadwell Ford, Inc., simply as Treadwell.

The complaint contained three counts. Count 1 charged deceit substantially in Code form, Title 7, § 223, Form 21. Count 2 was for breach of warranty and was substantially in Code form, Title 7, § 223, Form 24. Count 3 was for deceit. It charged the defendant with the willful misrepresentation of a material fact made with intent to deceive and averred that plaintiff relied upon said representation, etc. See People's Auto Co. v. Staples, 225 Ala. 372, 143 So. 553.

Treadwell filed two pleas. The first was, "Not guilty." The second was, "The allegations of the complaint are untrue."

The case was tried on the issues so made. The jury returned a verdict in favor of the plaintiff, Leek, in the sum of $5,000. Treadwell, the defendant, filed a motion for a new trial. It was overruled. Treadwell has appealed to this court.

The trial court gave plaintiff's requested written charge No. 9. It reads:

"I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that the Defendant did intentionally and willfully injure the Plaintiff, he would be *entitled* to recover not only his actual damages, but punitive damages by way of punishment." (Emphasis supplied.)

Aside from the fact that punitive damages were not recoverable under Count 2 of the complaint, which was *ex contractu* (Western Union Tel. Co. v. Rowell, 153 Ala. 295, 45 So. 73), the giving of plaintiff's Charge 9 was erroneous in that it asserts that plaintiff would be *entitled* to recover punitive damages under the circumstances hypothesized in the charge.

■ Punitive damages are not recoverable as a matter of right except as provided by statute. Lehigh Portland Cement Co. v. Sharit, 234 Ala. 40, 173 So. 386.

■ The imposition of such damages in cases of fraud and deceit is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing a similar wrong. Louisville & N. R. Co. v. Bizzell, 131 Ala. 429, 30 So. 777; Coleman v. Pepper, 159 Ala. 310, 49 So. 310; First National Bank of Huntsville v. Stewart, 204 Ala. 199, 85 So. 529, 13 A.L.R. 302; Birmingham Electric Co. v. Shephard, 215 Ala. 316, 110 So. 604; Lehigh Portland Cement Co. v. Sharit, supra; Schock v. Bear, 250 Ala. 529, 35 So.2d 97.

■ The effect of this error cannot be obviated by reference to the oral charge of the court. The oral charge could have corrected the error of the written charge in question only by some manner of statement or other treatment tantamount to an instruction that the jury were not to accept the written charge as a correct statement of the law. First National Bank of Huntsville v. Stewart, supra. The record shows no recognition or correction of the error of the charge pointed out above. See Shock v. Bear, supra.

It cannot be said from a reading of this record that the jury verdict of $5,000 did not include punitive damages.

Written Charge 1, given for the plaintiff, reads:

"The Court charges the jury that if after considering all the evidence in this case, you are reasonably satisfied therefrom that the Plaintiff is entitled to recover, and if you are reasonably satisfied from the evidence that the Defendant committed the acts set out in the Complaint knowingly, wantonly, or willfully, you may include in your verdict what the law knows as punitive or exemplary damages; that is, such amount as in your judgment and discretion is reasonable as a punish-

ment to the Defendant for their conduct on the occasion complained of, and to make an example to deter the Defendant and others from similar conduct in the future."

■■ Charge 1, like Charge 9, does not limit the awarding of punitive damages to the counts in deceit as it should have done. Aside from that defect, Charge 9 does not state the correct rule relative to the recovery of punitive damages in an action for deceit. The rule is that punitive damages may not be recovered in such an action (deceit) unless the fraud is gross, malicious, oppressive, *and is committed with an intention to so injure and defraud.* Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367; Southern Building & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21; Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909. Charge 1 would authorize the jury to award punitive damages under the counts charging deceit without the jury finding the necessary accompanying intent on the part of the defendant to injure and defraud the plaintiff.

■ The error in giving a prejudicially erroneous charge is not obviated by a correct conflicting instruction. Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731.

For the giving of plaintiff's written Charges 9 and 1, the judgment of the trial court must be reversed.

The other argued assignments of error are governed in the main by what we have said in regard to Charges 9 and 1 and hence those assignments need not be separately treated.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.