208 So.2d 205

**ALABAMA POWER COMPANY et al.**

**v.**

**Kitty REMBERT.**

**2 Div. 505.**

Supreme Court of Alabama.

March 7, 1968.

Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, and Pruitt & Pruitt, Livingston, for appellants.

Nathan Watkins, York, and Robt. Upchurch, Livingston, for appellee.

MERRILL, Justice.

Appeal from a judgment against appellants for $7,000 arising out of a truck-automobile collision in which appellee was injured. Appellants' motion for a new trial was overruled.

We have not been favored by a brief in behalf of appellee, and since submission, we have been informed by counsel for appellee that appellee "elected not to file briefs."

The cause was submitted to the jury on two counts claiming $25,000 damages, one charging simple negligence and one charging wantonness, and appellants' pleas in short by consent. It was appellee's contention that appellant Robbins was driving appellant Alabama Power Company's truck and failed to stop at a stop sign and ran into the left side of her automobile.

It is clear from the record that the verdict and judgment would not have been as large as it was unless the jury had awarded punitive damages. And under two requested written charges, given by the court at the request of the appellee, the court charged the jury that it *should* assess punitive damages against appellants if appellants were guilty of wantonness.

The charges read:

"I charge you, Gentlemen of the Jury, that if you find the evidence that the Defendants, Alabama Power Company, a Corporation and Fred B. Robbins, were guilty of wanton negligence, then you *should* assess puntative (sic) damages against them in whatever amount you feel will sufficiently punish the said Alabama Power Company, a Corporation and Fred B. Robbins for their actions, but in no case more than the sum of $25,000.00." (Emphasis supplied.)

"I charge you, Gentlemen of the Jury, that if you find from the evidence that the Defendant, Fred B. Robbins, consciously crossed the center line and travelled into the west lane of U. S. 11, and that this lane was already occupied by Plaintiff's vehicle, being conscious that another was in peril or with reckless disregard for the results of his act, then he is guilty of willfull or wanton negligence and you *should* assess such vindictive damages as may in the enlightened conscious (sic) of the Jury be right." (Emphasis supplied.)

Appellants make the giving of each of these charges subjects of separate assignments of error.

Punitive damages are not recoverable as a matter of right except as provided by statute, Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24; and the imposition of such damages is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing similar wrongs. Birmingham Electric Co. v. Shephard, 215 Ala. 316, 110 So. 604; 7A Ala.Digest, Damages, ☜87(1).

The trial court erred in directing the jury that it "should" assess punitive damages, and the failure to leave such assessment to the discretion of the jury has been held to be reversible error. Lehigh Portland Cement Co. v. Sharit, 234 Ala. 40, 173 So. 386; Birmingham Electric Co. v. Shephard, 215 Ala. 316, 110 So. 604. The *Sharit* case also holds that the error in withdrawing the question of punitive damages from the jury's discretion was not cured by the oral charge of the court which stated the correct rule. See Schock v. Bear, 250 Ala. 529, 35 So.2d 97.

We do not intimate that the two quoted charges would be good even if the imposition of punitive damages had been left to the discretion of the jury. Appellants raise the point that neither charge contains the element of proximate cause; but having already decided that the giving of the charges constituted reversible error, we do not decide the question of the omission of proximate cause from the charges.

We have not discussed all of the assignments of error argued by appellants because it is possible they might not arise in a second trial.

For the errors discussed, the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.