I concur in part and dissent in part. I concur to reverse on the issue of compensatory damages. I dissent on the issue of punitive damages.
The majority, reversing the jury and trial court, holds that the plaintiff did not present a scintilla of evidence on the issue of punitive damages to justify submitting that question to the jury. I disagree. Our cases hold that punitive damages may be awarded in a fraud action where
 ". . . there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross, and the representations were made with knowledge of their falsity. Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970); Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909 (1954); Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24 (1961); J. Truett Payne Co. v. Jackson, 281 Ala. 426, 203 So.2d 443 (1967). Moreover, `. . . The imposition of punitive damages in cases of fraud and deceit is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing similar wrongs. . . .' Loch Ridge Construction Co., Inc. v. Barra, supra, [291 Ala. 312, 320, 280 So.2d 745, 751 (1973)]." Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976).
In Hall Motor Co. this Court observed, "If the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly."285 Ala. at 504, 234 So.2d at 41. Here there was testimony that when Lott promised Henderson a transfer to Enterprise there were no openings in the Enterprise store. In addition, the evidence revealed a reason for Lott intentionally to mislead Henderson about the transfer, i.e., testimony from several witnesses established that it was of considerable benefit to Winn-Dixie to retain a qualified and experienced employee such as Henderson through the Christmas season, the busiest time of year in the grocery business. Thus, the jury could have found that Lott made the promise with knowledge of its falsity in order to keep Henderson on the job during the rush season. Moreover, the required "maliciousness, oppressiveness, or grossness" can be readily found in the testimony that Lott knew at the time he made the promise that Henderson was contemplating a substantial investment in a beauty shop in Enterprise. There were indications that Lott realized that the plans for the beauty shop had gone beyond the formulative stages and were ready for implementation if Henderson could rely on a transfer. Nevertheless, Lott made an unconditional *Page 904 
promise to transfer Henderson, a promise which induced Henderson to take out a loan and purchase the beauty shop. Under the circumstances a jury could certainly believe that Lott's failure to warn Henderson that the transfer was not definite was oppressive and gross, even if not particularly malicious. This evidence presented the required scintilla on the issue of punitive damages.
JONES and BEATTY, JJ., concur.