This is an appeal from a verdict and a judgment in favor of plaintiff, Cendra Lartigue, awarding her damages in the amount of $5,000.
Lartigue filed an action in the Circuit Court of Mobile County against Robert Fleming, claiming damages for an assault and battery allegedly committed by Fleming on Lartigue. Lartigue sought compensatory and punitive damages in the amount of $150,000 for temporary and permanent physical injuries, expenses incurred for medical care, lost wages, and pain and suffering. The jury found in Lartigue's favor and assessed damages against Fleming in the amount of $5,000. The trial court entered judgment in accordance with the verdict. Lartigue filed a motion for new trial alleging inadequacy of damages. The trial court denied this motion, and Lartigue appeals. *Page 584 
The primary issue before this court is whether the trial court erred in refusing to grant a new trial for inadequacy of damages. Fleming did not appeal or cross appeal from the jury's finding of liability. Therefore, we will detail only those facts pertaining to Lartigue's injury and damages.
On July 19, 1981, at a bar in Mobile, Fleming struck Lartigue on the face with his hand. Lartigue testified that shortly after she was struck she and her husband went to the Mobile Infirmary, where Lartigue was admitted. Doctor Gunter, an oral surgeon at the infirmary, treated Lartigue. He stated at trial that he treated Lartigue for a bilateral fracture of her lower jaw. He repositioned her jaw and wired her teeth together. Her mouth was wired shut for six weeks. After the wires were removed, Lartigue visited several dentists to correct problems with her teeth and jaw. The dentists she visited include Dr. Woodall, who performed surgery on her gums, and Dr. Morgan, who attempted to realign her teeth with braces and splints. Lartigue also had two root canals performed after the incident in question and had fourteen teeth capped. Dr. Maitre, Lartigue's family dentist, testified that in his opinion Lartigue's root, gum, and misalignment problems were the result of a traumatic injury to her teeth and jaw. He testified, however, that he was not aware of the particular circumstances of Lartigue's injury. Dr. Warren stated at trial that he was presently treating Lartigue for pain in her jaw joints and difficulty in fully opening her mouth. He stated that he had started her on a conservative treatment to realign her jaw muscles. He estimated that the expenses for her future treatment would be from $1,000 to $1,500.
The medical records of the dentists treating Lartigue were admitted into evidence without objection. The medical records showed the following medical expenses: $2,155 for treatment provided by Dr. Morgan; $3,400 for treatment provided by Dr. Gunter; $550 for treatment by Dr. McMurphy; and $3,069 for treatment provided by Dr. Maitre. Lartigue also presented evidence of lost wages during her convalescence, testifying that she missed at least a month of work after the incident in question. She earned $57 a day at her job. Lartigue further testified that she suffered a great deal of pain as a result of her broken jaw. It was uncertain whether Lartigue had sustained any permanent damage.
Lartigue asserts that, given the above evidence of her medical expenses, pain and suffering, and lost wages, the jury's verdict awarding her $5,000 in damages is clearly inadequate. We disagree.
A jury verdict is presumed to be correct and should not be set aside on the ground of inadequacy of damages unless the amount is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice, or improper motive.Spears v. Bishop, 339 So.2d 75 (Ala.Civ.App. 1976). A strong presumption of correctness applies to a trial court's refusal to grant a motion for new trial. Grayson v. Alexander,347 So.2d 108 (Ala.Civ.App. 1977). In reviewing a trial court's decision on whether to grant a motion for new trial on the ground of inadequacy of damages, we look to see whether the verdict is so opposed to the preponderance of the evidence as to be clearly wrong and unjust. Roland v. Krazy Glue, Inc.,342 So.2d 383 (Ala.Civ.App. 1977).
Assessment of damages is a matter within the discretion of the jury in the first instance, and in the discretion of the trial court on a motion for new trial. Hickox v. Vester Morgan,Inc., 439 So.2d 95 (Ala. 1983). However, we said in Orr v.Hammond, 460 So.2d 1322 (Ala.Civ.App. 1984), that:
 "[W]here liability is proven, a verdict must be returned which includes, in addition to an amount sufficient to make any compensation for pain and suffering, an amount at least as high as the uncontradicted special damages. See, Ex parte Patterson, 459 So.2d 883 (Ala. 1984); McCain v. Redman Homes, Inc., 387 So.2d 809 (Ala. 1980); Bibb v. Nelson, *Page 585 379 So.2d 1254 (Ala. 1980); Stone v. Echols, 351 So.2d 902 (Ala. 1977). In this case, however, the special damages were contradicted, and the jury, in exercising its proper function as the trier of fact, apparently did not feel that many of the claimed special damages were proved to have resulted from the appellee's negligence."
The trial court instructed the jury that:
 "The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors and medical bills which the Plaintiff has paid or become obligated to pay and the amount of the reasonable expenses of medical care, treatment, and services reasonably certain to be required in the future. The reasonableness of and the necessity for such expenses are matters for your determination from the evidence."
The record shows that a pretrial order was entered directing that all doctor, medical, and hospital bills be admitted into evidence as reasonable and necessary without further proof unless written objection be made thereto. Written objections were filed and, after a hearing, the trial court ordered the bills admitted in evidence subject to the predicate that the treatment was necessary. Three doctors testified as to the necessity for the treatment, and the remainder of the bills were admitted in evidence without such testimony, but there was no objection to their admission.
Although the necessity for and the reasonableness of the medical bills were, in effect, admitted, there was some uncertainty concerning the extent of Lartigue's injuries resulting from Fleming's conduct. Some witnesses testified that Lartigue's mouth was bleeding and lopsided after Fleming struck her; other witnesses testified that her mouth looked normal. Lartigue told most of the dentists who treated her that she either fell and hit her chin, causing her jaw to break, or that she broke her jaw in a boating accident. Thus, the jury could have reasonably concluded that Fleming was not solely responsible for the full extent of Lartigue's injuries. Orr v.Hammond, supra.
Where the extent of injuries received is uncertain, the amount of damages is a question for the jury. Birmingham Ry.Light Power Co. v. Moore, 148 Ala. 115, 42 So. 1024 (1906). Damages for pain and suffering are within the discretion of the jury, Olive v. State Farm Mutual Automobile Insurance Co.,456 So.2d 310 (Ala.Civ.App. 1984), as is the imposition of punitive damages. Alabama Power Co. v. Rembert, 282 Ala. 5,208 So.2d 205 (1968). Based on the evidence in this case, we cannot say that the jury abused its discretion by awarding Lartigue only $5,000.
Lartigue contends also that the trial court committed reversible error in denying her motion for an order finding Fleming to have conclusively admitted to matters contained in her requests for admissions by his failure to respond to her requests.
Lartigue served the requests for admissions on Fleming in August 1982. Fleming never responded to the requests. Lartigue then filed her "Motion for Order Finding Defendant to Have Admitted Plaintiff's Requests for Admissions" in November 1984. The trial court denied that motion.
Rule 36 (a), Alabama Rules of Civil Procedure, states in part that:
 "The matter [contained in the request for admission] is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ."
Rule 36 (b) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."
We conclude that any error that may have been committed by the trial court in denying Lartigue's motion was error without injury and, therefore, is not a ground for reversal. Lowe's ofDothan, *Page 586 Inc. v. Acme Drywall Co., 341 So.2d 166 (Ala.Civ.App. 1976). We so conclude because even if the matters contained in Lartigue's requests for admissions had been deemed admitted and conclusively established for the jury such would have had no effect on the outcome of the case.
Lartigue requested that the following matters be admitted:
"1. Defendant is over nineteen (19) years of age.
 "2. Defendant is a resident citizen of Mobile County, Alabama.
 "3. On or about July 19, 1981, Fleming was present at the Neptune Club on Dauphin Island, Alabama.
 "4. Fleming struck Lartigue while in the Neptune Club.
"5. Fleming struck Lartigue with his closed fist.
"6. Fleming struck Lartigue more than one time.
"7. Lartigue was caused physical injury.
 "8. Lartigue was caused to suffer pain as a result of Fleming's blow.
"9. Lartigue's injuries required medical treatment.
 "10. Lartigue did not strike Fleming before Fleming struck Lartigue."
Lartigue presented evidence at trial tending to establish each of the above matters. In fact, the jury accepted as established facts some of the above matters when it found Fleming liable for assault and battery. Thus, Lartigue fails to show how she was prejudiced by the trial court's action in denying her motion other than the inconvenience caused her by having to prove the matters contained in her request for admissions. Furthermore, none of the matters listed above addressed the damages suffered by Lartigue. As we said above, the uncertainty with respect to Lartigue's damages stemmed from her own admissions of an intervening accident. Even if these matters contained in Lartigue's requests for admissions had been "admitted," the jury still would have had to make an assessment of the amount of damages suffered by Lartigue. We note that only those matters which affect the amount of damages recoverable may be presented on appeal by a plaintiff who wins a judgment at trial. Smith v. Protective Life Insurance Co.,355 So.2d 728 (Ala.Civ.App. 1978). We therefore conclude that the trial court made no error injurious to Lartigue.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.