627 So.2d 915 (1993)
John H. BLACKBURN and Mona L. Blackburn
v.
RESOLUTION TRUST CORPORATION, as receiver for Altus Bank, a federal savings bank.
1920043.
Supreme Court of Alabama.
June 25, 1993.
Peter V. Sintz, Thoma R. McAlpine and Steven L. Terry of Sintz, Campbell, Duke, Taylor & McAlpine, Mobile, for appellants.
Lester M. Bridgeman and Matthew C. McDonald of Miller, Hamilton, Snider & Odom, Mobile, for appellee.
ADAMS, Justice.
This Court has this day held that § 6-11-21, Ala.Code 1975, violates the right to a trial by jury as guaranteed by § 11 of the Constitution of Alabama. Henderson v. Alabama Power Co., 627 So.2d 878 (Ala.1993). Therefore, the Court declines to answer the question certified to it by the United States District Court for the Southern District of Alabama.
QUESTION DECLINED.
ALMON, SHORES, KENNEDY and INGRAM, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.
HORNSBY, C.J., recused.
HOUSTON, Justice (dissenting).
I would answer the certified question in the negative. See my dissent in Henderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1993), for my view that Ala.Code 1975, § 6-11-21, is not violative of § 11 of the Alabama Constitution.
Section 13 of the Alabama Constitution provides in pertinent part:
"That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law...."
"Remedy" is defined as "[t]he means by which a right is enforced or the violation of a right is ... compensated." (Emphasis added.) Black's Law Dictionary 1294 (6th ed. 1990). As a noun, the word "right" denotes "a power, privilege, faculty, or demand, inherent in one person and incident upon another"; and, giving the word a juristic content, "a `right' is well defined as `a capacity residing in one [person] of controlling, with the assent and assistance of the state, the actions of others.'" Black's Law Dictionary, supra, at 1324. It is familiar law in this state that punitive damages are not recoverable as a matter of right, except as may be provided by statute. Alabama Power Co. v. Rembert, 282 Ala. 5, 208 So.2d 205 (1968); Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24 (1961); Lehigh Portland Cement Co. v. Sharit, 234 Ala. 40, 173 So. 386 (1937). This Court has held that punitive damages may be forbidden or affirmatively withheld by legislative enactment. Meighan v. Birmingham Terminal Co., 165 Ala. 591, 51 So. 775 (1910); Comer v. Age-Herald Publishing Co., 151 Ala. 613, 44 So. 673 (1907). Because an individual has no right to recover any particular *916 amount of punitive damages or, for that matter, to recover any punitive damages at all, § 6-11-21 does not operate so as to deny any individual a "remedy" for an injury. Simply put, there must be a right before there can be a remedy.